## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00228-CMA-MJW

KELLY DALEY, an individual,

Plaintiff,

v.

ALPINE UROLOGY, P.C., a Colorado professional corporation,

Defendant.

---

### PROTECTIVE ORDER ( Docket No 31-1 )

---

Pursuant to the stipulation of Plaintiff and Defendant, and the Court, having reviewed the

Motion and being familiar with its premises, finds good and sufficient cause exists to grant the

requested relief. Accordingly, it is ORDERED that the Stipulated Motion for Entry of Protective

Order be, and same hereby is, GRANTED. The following terms and conditions shall apply to

the use and disclosure of confidential and protected health information in this case:

### DEFINITIONS

1.      "Plaintiff" means Plaintiff Kelly Daley and any of her agents.

2.      "Defendant" means Defendant Alpine Urology, P.C. and any of its agent,

employees, and physicians.

3. A "Party" or "Parties" means the parties to this litigation, their attorneys, and any

non-party engaged by a Party for purposes of this lawsuit.

4.      "Confidential Information" means and includes PHI as set forth below, private

financial or employment information or documents, private patient information and documents

covered by HIPAA, and any portion of a document or electronically stored information, maintained in any form or by any means and not made available to the public that is relevant to this lawsuit.

5.     "HIPAA" means the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936, as codified primarily in sections of Titles 18, 26 and 42 of the U.S. Code, and includes implementing regulations of the Act.

6.     "PHI" means protected health information, as that term is defined by 45 C.F.R. §160.103, and includes any information or data reflecting medical services provided by the Parties.

## TERMS AND LIMITATIONS

1.     The Parties recognize that it may be necessary during the course of this litigation to produce, receive, subpoena, and transmit Confidential Information and PHI of current and future parties, third-parties, and non-parties to the Parties, and their attorneys and representatives.

2.     Notwithstanding federal and state law limiting the authority of any Party to disclose Confidential Information, any Party is hereby authorized to release all Confidential Information, in their possession that is responsive to a subpoena, discovery request or other lawful process.

3.     During the pendency of this lawsuit, the Parties are permitted to use Confidential Information only in a manner that relates to this lawsuit. The Parties shall not use or disclose the Confidential Information for any other purpose or in connection with any other proceeding.

4.     Prior to disclosing any Confidential Information to any person other than counsel, persons employed by counsel, court personnel, and stenographic reporters, counsel shall provide such person with a copy of this Protective Order, explain the person's obligations under the

Protective Order, and have the person execute the Declaration of Compliance (Exhibit A). Prior

to disclosing any Confidential Information to persons involved in this litigation, the documents

produced must be labeled "Confidential" in a conspicuous manner. Counsel shall take all other

reasonable steps to ensure that persons receiving the Confidential Information do not use or

disclose such information for any purpose other than this litigation.

5.     If a Party determines that a document disclosed prior to the date of this Protective

Order satisfies the definition of Confidential Information, it must provide notice to the other

Party by identifying the document by Bates number or describing the document in such a manner

that allows it to be readily identifiable.

6.     The Parties are bound by the terms of the Protective Order and are subject to

sanctions for a breach of this Protective order.

7.     A Party may object to the designation of particular Confidential Information by

giving written notice to the party designating the disputed information. The written notice shall

identify the information to which the objection is made. If the parties cannot resolve the

objection within ten (10) business days after the time the notice is received, it shall be the

obligation of the party designating the information as Confidential to file an appropriate motion

requesting that the Court determine whether the disputed information should be subject to the

terms of this Protective Order. If such a motion is timely filed, the disputed information shall be

treated as Confidential under the terms of this Protective Order until the Court rules on the

motion. If the designating party fails to file such a motion within the prescribed time, the

disputed information shall lose its designation as Confidential and shall not thereafter be treated

as Confidential in accordance with this Protective Order. In connection with a motion filed

under this provision, the party designating the information as Confidential shall bear the burden

of establishing that good cause exists for the disputed information to be treated as Confidential.

8.   This Order does not control or limit the use of Confidential Information that

comes into the possession of any Party from a source other than a Party to this lawsuit.

9.   Nothing in this Protective Order authorizes any Party to obtain Confidential

Information from a non-party through means other than formal discovery requests, subpoenas,

depositions, pursuant to a patient authorization, or other lawful process.

10.   This Order does not authorize either party to ~~seal~~ Restrict Access to court filings or court

proceedings. The Court will make a ~~good cause~~ determination under DC Colo LCivR 7.2 Restricted Access for filing under ~~seal~~ Restricted Access if and when

the parties seek to file Confidential Information under ~~seal~~ Restricted Access.

11.   Any Party in possession of Confidential Information shall exercise reasonable and

appropriate care with regard to the storage, custody and use of Confidential Information in order

to ensure that the confidential nature of the same is maintained and disclosure does not occur to

unauthorized persons.

12.   If Confidential Information is disclosed to anyone other than in a manner

authorized by this Protective Order, the Party responsible for such disclosure must immediately

bring all pertinent facts relating to such disclosure to the attention of the other Parties and make

reasonable efforts to prevent further disclosure and to obtain consent and acknowledgement of

this Protective Order from the party to whom inadvertent disclosure was made.

13.   Nothing in this Protective Order precludes the right of any Party to object to

disclosure of Confidential Information on the basis of privilege, relevance, or admissibility of

any document.

14.     Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this litigation.

15.     The obligations of this Protective Order shall survive the termination of this lawsuit and continue to bind the Parties.

16.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

17.     Within 35 days after the conclusion of the litigation, including appeals, the Parties shall return the Confidential Information obtained pursuant to this Protective Order to the disclosing party or certify that it has destroyed all copies of such Confidential Information. Notwithstanding the foregoing, counsel may retain such Confidential Information in a secure manner in order to satisfy their professional obligations and to the extent authorized or permitted under HIPAA.

ENTERED this 15th day of September, 2015.

**BY THE COURT:**

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

**EXHIBIT A**

**Declaration of Compliance**

I, _____ [print or type full name], of _____
_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was entered in the matter entitled *Kelly Daley v. Alpine Urology, P.C.*, Civil Action No. 15-cv-00228-CMA-MJW, pending before the United States District Court for the District of Colorado. I agree to comply with and to be bound by all the terms of the Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Protective Order to any person or entity except in strict compliance with the provisions of the Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado, Colorado, for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____