IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 15-cv-00228-CMA-MJW

KELLY DALEY,

    Plaintiff,

v.

ALPINE UROLOGY, P.C., a Colorado professional corporation,

    Defendant.

---

**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DENYING AS MOOT PLAINTIFF'S MOTION TO STRIKE**

---

Currently before the Court are the following motions: (1) Plaintiff's Motion for Summary Judgment (Doc. # 45); (2) Defendant's Motion for Summary Judgment (Doc. # 49); and (3) Plaintiff's Motion to Strike or in the alternative Plaintiff's Reply to the Defendant's Supplemental Response (Doc. # 57). For the reasons set forth below, the Court denies Plaintiff's motion for summary judgment, grants in part Defendant's motion for summary judgment, and denies as moot Plaintiff's motion to strike.

**I.   BACKGROUND**

Defendant Alpine Urology, P.C. provides urologic medical care and services and is located in Boulder, Colorado. (Doc. # 28 at 1 ¶ 1.) Plaintiff Kelly Daley was employed by Defendant as a medical assistant from December 6, 2010, to October 3, 2014. (Doc. # 28 at 5 ¶ 32.) Plaintiff alleges that Defendant did not properly pay her for

the time that she worked, including overtime, and that she was improperly terminated when she sought to protect her rights. (Doc. # 28 at 5-6 ¶¶ 33-49.)

Plaintiff filed her First Amended Complaint ("FAC") on June 23, 2015. (Doc. # 28.) In her FAC, Plaintiff asserts the following claims: (1) a violation of the Fair Labor Standards Act ("FLSA") (claim one); a violation of the Colorado Wage Act ("CWA") (claim two); unjust enrichment (claim three); and termination in violation of public policy (claim four). (Doc. # 28.)

Plaintiff filed her summary judgment motion on October 21, 2015 (Doc. # 45), and Defendant filed its summary judgment motion on October 23, 2015 (Doc. # 49). On December 21, 2015, Defendant filed a supplement to its response to Plaintiff's summary judgment motion (Doc. # 56), and Plaintiff moved to strike this supplement on December 4, 2015 (Doc. # 57).

## II. ANALYSIS

Summary judgment is proper if the movant demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is "material" if it is essential to the proper disposition of the claim under the relevant substantive law. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee, Okla.*, 119 F.3d 837, 839 (10th Cir. 1997). When considering a motion for summary judgment, a court must "construe the factual record and reasonable

inferences therefrom in the light most favorable to the nonmovant." *Richmond v. ONEOK, Inc.*, 120 F.3d 205, 208 (10th Cir. 1997).

"The movant bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998). "If a party that would bear the burden of persuasion at trial does not come forward with sufficient evidence on an essential element of its prima facie case, all issues concerning all other elements of the claim and any defenses become immaterial." *Id*. at 670. "[A] movant that will not bear the burden of persuasion at trial need not negate the nonmovant's claims." *Id*. at 671. "Such a movant may make its prima facie demonstration simply by pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id*. "If the movant carries this initial burden, . . . the burden shifts to the nonmovant to go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of a trial from which a rational trier of fact could find for the nonmovant." *Id*. (quoting Fed. R. Civ. P. 56(e)). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

Where, as here, the parties have filed cross-motions for summary judgment, each motion is considered separately and "the denial of one does not require the grant of another." *Buell Cabinet Co., Inc. v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979). However, because the Court is faced with cross-motions for summary judgment, it is

"entitled to assume that no evidence needs to be considered other than that filed by the parties." *James Barlow Family Ltd. P'ship v. David Munson, Inc.*, 132 F.3d 1316, 1319 (10th Cir. 1997).

### A. Plaintiff's FLSA Claim

The FLSA requires overtime pay of time and a half of regular pay for certain employees who work more than forty hours per week and who are "engaged in commerce . . . or . . . employed in an enterprise engaged in commerce." 29 U.S.C. § 207(a)(1); *see also Reagor v. Okmulgee Cty. Family Res. Ctr.*, 501 Fed. Appx. 805, 808 (10th Cir. 2012). Thus, "[e]mployment may be covered under the [FLSA] pursuant to either 'individual' or 'enterprise' coverage." *Tony and Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 295 n.8 (1985).

For purposes of enterprise coverage, the FLSA defines "enterprise engaged in commerce" as an enterprise that "has employees engaged in commerce or . . . that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and "is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)." 29 U.S.C. § 203(s)(1)(A).

For purposes of individual coverage, the FLSA requires that the employee be "engaged in commerce." 29 U.S.C. § 203(s)(1)(A). The Tenth Circuit has interpreted this to mean that the employee "must directly participate in the actual movement of persons or things in interstate commerce." *Reagor*, 501 Fed. Appx. at 809 (internal quotation marks and citation omitted). To be eligible for individual coverage under the

FLSA, the employee "must either work for a transportation or communication industry employer or regularly and recurrently use an instrument of interstate commerce, such as a telephone." *Id*.

For both enterprise and individual coverage, the FLSA defines "commerce" as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b). "In assessing individual and enterprise coverage, Congress intends to 'regulate only activities constituting interstate commerce, not activities merely affecting commerce.'" *Reagor*, 501 Fed. Appx. at 809 (quoting *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006)). In addition, "[p]ractical considerations guide when determining what constitutes commerce or engaging in commerce." *Id*. It is the plaintiff's burden to show that he or she is entitled to the protections of the FLSA. *Id*. at 808.

In her FAC, Plaintiff alleges that, while Defendant's employee, she was "entitled to the rights, protections, and benefits provided under the FLSA." (Doc. # 28 at 7 ¶ 51.) In her summary judgment motion, Plaintiff asserts that "Defendant is an employer within the meaning of the Fair Labor Standards Act" and that "Defendant is engaged in interstate commerce." (Doc. # 45 at 3 ¶ 2.)

In support of her assertion that Defendant is engaged in interstate commerce, Plaintiff cites her own deposition, during which she testified that Defendant "purchased

5

all of [its equipment] through a place in Nevada." (Doc. # 45 at 3.)[1] Plaintiff also testified that she was "the person in charge for [sic] ordering supplies for [their] office." (Doc. # 49-1 at 12.) However, Plaintiff did not recall the name of the company, where in Nevada it was located, or from where the items ordered were actually shipped. (Doc. # 49-1 at 12.) Plaintiff also supports her assertion that Defendant engaged in interstate commerce by citing her own deposition testimony that Defendant "used to see patients on an emergency basis when they would come into the state of Colorado." (Doc. # 45 at 3 ¶ 2.)

In its summary judgment motion, Defendant argues that Plaintiff has failed to establish that she is entitled to the FLSA's protections. Defendant asserts that Plaintiff has not proven that Defendant is covered by the FLSA as an enterprise because "Plaintiff has failed to produce evidence that Defendant had two or more employees regularly and recurrently engaged in commerce." (Doc. # 49 at 5.) Defendant argues that "Plaintiff testified that only she ordered supplies for Defendant, but she did not know the name of the company from whom she ordered the supplies, where the supplies shipped from, or whether the supplies crossed state lines." (Doc. # 49 at 5.) In addition, Defendant argues that "Defendant's act of treating out-of-state patients is not interstate commerce if Defendant's contact with those patients was related to its local medical practice, a fact Plaintiff confirmed to be true." (Doc. # 49 at 5.) With regard to

---

[1] The Court notes that Plaintiff failed to provide the Court with this portion of her deposition transcript. However, the relevant portion of the transcript is attached to Defendant's summary judgment motion. (Doc. # 49-1 at 12.)

individual coverage, Defendant argues that Plaintiff failed to prove that it was a regular and recurrent part of her job to engage in interstate commerce. (Doc. # 49 at 6-7.)

In her response to Defendant's summary judgment motion, Plaintiff attached a declaration in which she states that "[a]t least two other employees in located in [sic] other Alpine Urology offices ordered supplies for the other doctors and offices." (Doc. # 52-3 at 2 ¶ 3.) Plaintiff further states that she "routinely, regularly, recurrently and on a weekly basis, ordered medical supplies from out of state companies," specifically "Henry Schein which is located in New York; 180Medical.com located in New York; and Besse Medical located in Oklahoma and Ohio." (Doc. # 52-3 at 2 ¶ 3.)

Defendant argues that Plaintiff's declaration "should be disregarded by the Court as Plaintiff is attempting to create a sham fact issue." (Doc. # 53 at 5.) Defendant argues that "Plaintiff does not contend that she did not have the pertinent evidence at the time of her deposition, and none of the assertions in Plaintiff's declaration are attempts to explain confusion at the deposition." (Doc. # 53 at 6.) Defendant also notes that "[n]othing was attached to the declaration to support any of Plaintiff's conclusory allegations." (Doc. # 53 at 6.)

As an initial matter, the Court agrees with Defendant that Plaintiff's declaration was created to create a sham fact issue and, therefore, should be disregarded. *See Law Co., Inc. v. Mohawk Const. & Supply Co., Inc.*, 577 F.3d 1164, 1169 (10th Cir. 2009). To determine whether Plaintiff's declaration seeks to create a sham fact issue, the Court considers whether

> (1) the affiant was cross-examined during his [or her] earlier testimony; (2) the affiant had access to the pertinent

> evidence at the time of his [or her] earlier testimony or whether the affidavit was based on newly discovered evidence; and (3) the earlier testimony reflects confusion which the affiant attempts to explain.

*Rios v. Bigler*, 67 F.3d 1543, 1551 (10th Cir. 1995).

During her September 22, 2015 deposition, Plaintiff was directly asked, "What equipment did you purchase through interstate commerce?" (Doc. # 49-1 at 12.) Plaintiff responded: "Needles. We purchased all of our stuff through a place in Nevada." (Doc. # 49-1 at 12.) Plaintiff does not mention any of the three companies later identified in her November 10, 2015 declaration. In addition, Plaintiff explicitly stated during her deposition that she ordered *all* supplies through the company in Nevada. If Plaintiff had in fact made purchases from other suppliers during her employment, this information would certainly have been available to her at the time of her deposition. Lastly, there is no indication in the deposition transcript that Plaintiff was confused by the question, and Plaintiff's declaration does not indicate that it is being submitted because Plaintiff misheard or did not understand the question. In short, there is simply no explanation for Plaintiff's later-submitted declaration apart from an attempt to create a factual dispute in order to survive Defendant's summary judgment motion. Therefore, the Court will disregard Plaintiff's declaration.

### 1. Enterprise Coverage

As stated above, Plaintiff asserts in her summary judgment motion that "Defendant is engaged in interstate commerce," and the evidence she cites in support of this assertion is her deposition testimony that she ordered office supplies "through a

place in Nevada" and that Defendant would "see patients on an emergency basis when they would come into the state of Colorado." (Doc. # 45 at 3 ¶ 2.)

The Court finds that this evidence is insufficient to support a conclusion that Defendant engaged in interstate commerce and, therefore, is subject to enterprise coverage under the FLSA. The evidence cited by Plaintiff does not address the activities of any employee other than herself. Thus, the evidence cannot show that Defendant had two or more employees regularly and recurrently engaged in commerce.[2] In addition, the Court finds that seeing out-of-state patients on an emergency basis while those patients are in Colorado does not amount to interstate commerce. The Court finds persuasive the reasoning of the court in *Dent v. Giaimo*, 606 F. Supp. 2d 1357, 1361 (S.D. Fl. 2009), in which the court held that "although some patients may have been residents of other states, defendant was not engaged in interstate commerce if his contact with those patients was primarily local." Like *Dent*, there is no evidence that Defendant sees patients outside of Colorado, solicits business from patients outside of Colorado, or that any of Defendant's contact with non-Colorado resident patients was "regular or recurrent." *Id*.

### 2. Individual Coverage

In her summary judgment motion, Plaintiff does not argue that, during her employment, she was subject to individual coverage under the FLSA. (Doc. # 45.) In her statement of material facts, Plaintiff does not assert that she herself was engaged in interstate commerce. Nevertheless, in its summary judgment motion, Defendant argues

---

[2] In addition, as discussed below, the evidence is insufficient to support a finding that Plaintiff herself was engaged in interstate commerce.

that "Plaintiff fails to establish that it was a regular, recurrent, or substantial part of her job to engage in interstate commerce." (Doc. # 49 at 6.)

Assuming Plaintiff were to make such an argument, the only evidence in the record that could support a finding that Plaintiff was engaged in interstate commerce is her deposition testimony regarding her role as "the person in charge for [sic] ordering supplies for our office." (Doc. 49-1 at 12.) However, Defendant stated that she was "not exactly sure of the name of the company" but that it was in "Nevada somewhere." (Doc. # 49-1 at 12.) Defendant also stated that the supplies were provided by "different distributors," but she did not know where any of these distributors were located. (Doc. # 49-1 at 12.) The Court finds that this testimony is insufficient to support a finding that a regular, recurrent, or substantial part of Plaintiff's job was to engage in interstate commerce. Plaintiff did not provide any testimony regarding how often she ordered supplies nor could Plaintiff identify the company from which she allegedly ordered supplies or where it was located. In addition, Plaintiff could not identify from where the supplies were in fact being shipped.

Therefore, the Court finds that Plaintiff has failed to demonstrate either that Defendant was subject to enterprise coverage under the FLSA or that she was subject to individual coverage under the FLSA. Thus, Plaintiff is not entitled to judgment as a matter of law on her FLSA claim. Defendant, on the other hand, is entitled to summary judgment because it has demonstrated a lack of evidence on an essential element of Plaintiff's FLSA claim.

### B. Dismissal of Plaintiff's State Law Claims

Plaintiff's remaining claims—violation of the CWA, unjust enrichment, and termination in violation of public policy—are state law claims. The Court declines to exercise supplemental jurisdiction over these state law claims. *See* 28 U.S.C. § 1367(c)(3). The Tenth Circuit has "repeatedly recognized that this is the preferred practice." *Gaston v. Ploeger*, 297 Fed. Appx. 738, 746 (10th Cir. 2008); *see also Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, *and usually should*, decline to exercise jurisdiction over any remaining state claims.") (emphasis added). Therefore, Plaintiff's remaining claims are properly dismissed without prejudice. *See Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995) ("[T]he most common response to a pretrial disposition of federal claims has been to dismiss the state law claim or claims without prejudice . . . .").

### III. **CONCLUSION**

For the foregoing reasons, it is hereby

ORDERED that Plaintiff's Motion for Summary Judgment (Doc. # 45) is DENIED. It is

FURTHER ORDERED that Defendant's Motion for Summary Judgment (Doc. # 49) is GRANTED IN PART. The Court grants summary judgment in favor of Defendant on Plaintiff's FLSA claim. The Court dismisses without prejudice Plaintiff's remaining state law claims. It is

11

FURTHER ORDERED that Plaintiff's Motion to Strike or in the alternative Plaintiff's Reply to the Defendant's Supplemental Response (Doc. # 57) is DENIED AS MOOT.

The Clerk of the Court shall enter judgment in favor of Defendant on Plaintiff's FLSA claim. All matters having been decided, the Clerk shall close this case.

DATED: April 13, 2016                BY THE COURT:

*(signature)*

CHRISTINE M. ARGUELLO
United States District Judge