IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 15-cv-00228-CMA-MJW

KELLY DALEY,

    Plaintiff,

v.

ALPINE UROLOGY, P.C., a Colorado professional corporation,

    Defendant.

---

**ORDER DENYING SANCTIONS**

---

This matter comes before the Court on Defendant's Motion for Determination of Attorney Fee Award Pursuant to 28 U.S.C. § 1927.  (Doc. # 68.)  On May 11, 2015, Plaintiff filed a response, and on May 20, 2015, Defendant submitted a reply.  (Doc. ## 77, 78.)  On May 20, 2015, Defendant filed a motion to strike its reply brief and filed an amended reply.  (Doc. ## 79, 80.)  Plaintiff filed a response, opposing Defendant's motion to strike.  Defendant submitted a reply in support of its motion to strike.  (Doc. # 82.)  For the following reasons, the Court denies Defendant's motion for sanctions and grants Defendant's motion to strike its reply brief.

    **I.**    **BACKGROUND**

On February 3, 2015, Plaintiff filed a Complaint alleging violations of the Fair Labor Standards Act (FLSA) and Colorado state law.  (Doc. # 1, 9-1.)  Defendant moved to dismiss Plaintiff's complaint on the basis that Plaintiff failed to allege sufficient facts to

establish that Defendant was an enterprise engaged in interstate commerce. (Doc. # 10.) On June 23, 2015, the Magistrate Judge issued a Recommendation, in which he recommended that Defendant's motion to dismiss be denied because Plaintiff sufficiently pled facts concerning Defendant's connection to interstate commerce. (Doc. # 26 at 9.) On July 9, 2015, this Court adopted the Recommendation of Magistrate Judge Watanabe. (Doc. # 29.) On October 23, 2015, Defendant moved for summary judgment contending that Plaintiff lacked evidence to prove that Defendant is an enterprise engaged in commerce subject to the requirements of the FLSA. (Doc. # 49.) This Court granted in part Defendant's motion for summary judgment finding that Plaintiff presented insufficient evidence to demonstrate that Defendant was subject to enterprise coverage under the FLSA and dismissed without prejudice Plaintiff's remaining state law claims. (Doc. # 65 at p. 10, 67.)

Pursuant to 28 U.S.C. § 1927, Defendant seeks its attorneys' fees for defending this action as a sanction against both Plaintiff and her counsel for allegedly engaging in bad faith conduct. (Doc. # 68.) Defendant contends that sanctions are warranted because Plaintiff and her counsel persisted with the FLSA claim even though they lacked the requisite evidence to establish FLSA coverage. (*Id*. at 2.) Specifically, Defendant claims that Plaintiff failed to conduct an initial inquiry to determine if Defendant was subject to the FLSA, ignored Defendant's warnings that FLSA coverage was missing, failed to conduct discovery concerning FLSA coverage, and filed a declaration that this Court disregarded, finding that it to be a "sham" declaration. (*Id*. at 1-2.)

## II.   ANALYSIS

Defendant argues that it is entitled to an award of fees based upon 28 U.S.C. § 1927, which provides:

> Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. §1927.  The standard is one of objectively unreasonable conduct.  *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir .1987) (conduct that, when "viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court").

The aim of § 1927 is to ensure that attorneys "regularly re-evaluate the merits of their claims and avoid prolonging meritless claims." *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1224 (10th Cir .2006).[1]  Moreover, the Tenth Circuit has explained that "this is an extreme standard, and fees should be awarded only in instances evidencing a serious and standard disregard for the orderly process of justice."  *Baca v. Berry*, 806 F.3d 1262, 1268 (10th Cir. 2015) (quoting *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997)).

This Court finds that Plaintiff and her attorney did not multiply the proceedings unreasonably or vexatiously as required by § 1927.  While this Court granted summary

---

[1] While Defendant seeks fees against both Plaintiff and her counsel, § 1927 fees are available only against attorneys.  *Steinert*, 440 F.3d at 1222.  In its reply brief, Defendant contends that this Court can sanction Plaintiff individually pursuant to its inherent powers.  This Court will not address this argument since it was raised for the first time in the reply brief.  *Gutierrez v. Cobos*, 841 F.3d 895, 902 (10th Cir. 2016) (a party waives issues and arguments raised for the first time in a reply brief).

judgment to Defendant on the issue of interstate commerce, Plaintiff's response was not frivolous, unreasonable or without foundation. Moreover, Plaintiff's FLSA claims were not meritless. *See Shackelford v. Courtesy Ford, Inc*, 96 F.Supp.2d 1140, 1148 (D. Colo. 2000) ("Dismissal of [] claim for failing to meet the legal standard is to be distinguished, however, from an attorney's pursuit of a meritless or frivolous claim sanctionable under 28 U.S.C. § 1927). Indeed, this Court notes that, in its motion for summary judgment, Defendant did not present any affirmative facts to establish that it did not engage in interstate commerce. Rather, Defendant's motion for summary judgment relied on the fact that the record lacked sufficient facts to show that Defendant was an enterprise engaged in commerce. The fact that a party may have failed to conduct sufficient discovery and/or failed to present sufficient facts in response to a motion for summary judgment does not lead to the conclusion that the claim, in fact, lacked merit. Furthermore, even if this Court believed that Plaintiff's claims lacked merit, this fact alone would be insufficient to warrant the imposition of sanctions. *McMahan v. Toto*, 256 F.3d 1120, 1129 (11th Cir. 2001) ("Something more than a lack of merit is required for § 1927 sanctions or they would be due in every case").

This Court finds that Plaintiff did not engage in objectively unreasonable conduct by pursuing this case. While Plaintiff ultimately failed to prove her case at the summary judgment stage, Plaintiff's claims were not meritless and she did not unnecessarily prolong this litigation.

### III.   Conclusion

For the foregoing reasons, it is ORDERED that Defendant's Motion for Determination of Attorney Fee Award Pursuant to 28 U.S.C. § 1927 (Doc. # 68) is DENIED.  It is

FURTHER ORDERED that Defendant's Motion to Strike Document # 78 (Doc. # 79) is GRANTED.

DATED:  December 29, 2016                    BY THE COURT:

*Christine M. Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge